STATE OF NEW YORK
SUPREME COURT        COUNTY OF ONEIDA

Index No.

STEVEN KUBAT and BEVIN KUBAT,

Plaintiffs designate
Oneida County
As the Place of Trial

Plaintiffs,

The Basis of Venue is
Residence of Plaintiffs

vs.

**SUMMONS**

LOWE'S HOME CENTERS, LLC,

Plaintiffs resides at
6633 Trenton Road
Utica, NY 13502
County of Oneida

Defendants.

To the above named Defendants:

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer; or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorneys within twenty days after the service of this summons, exclusive of the day of service (or within thirty days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: November 13, 2020.

Yours, etc.

Anthony A. Murad, Esq.
BRINDISI, MURAD & BRINDISI PEARLMAN, LLP
Attorneys for Plaintiff
Office & P. O. Address
2713 Genesee Street
Utica, New York 13501
(315) 733-2396

**Defendant's Address:**

Lowe's Home Centers, LLC
C/o Corporation Service Company
80 State Street
Albany, NY 12207

THE STATE OF NEW YORK
SUPREME COURT COUNTY OF ONEIDA

STEVEN KUBAT and BEVIN KUBAT,

                Plaintiffs,

Index No.:

vs.

**COMPLAINT**

LOWE'S HOME CENTERS, LLC,

                Defendant.

The Plaintiffs as and for Complaint by and through their attorneys, Brindisi, Murad, Brindisi & Pearlman, LLP, respectfully shows to this Court and alleges as follows:

1. That at all times herein mentioned the Plaintiffs, STEVEN KUBAT and BEVIN KUBAT, were and still are residents of the City of Utica, County of Oneida, and State of New York.

2. That upon information and belief and at all times herein mentioned, the Defendant LOWE'S HOME CENTERS, LLC is a foreign limited liability company duly licensed to do business within the State of New York.

3. The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION, THE PLAINTIFF SETS FORTH THE FOLLOWING:**

4. Plaintiffs repeat and reiterate each and every allegation contained in the paragraphs marked and numbered "1" through "3" above with the same force and effect as if fully set forth at length hereinafter.

5. That at all times herein mentioned and specifically on or about May 24, 2020, the Defendant, LOWE'S HOME CENTERS, LLC, owned a certain Lowe's Home Improvement store located at 710 Horatio Street, Utica, New York, known as Lowe's No. 0523.

6. That upon information and belief and on or about May 24, 2020, the Defendant, LOWE'S HOME CENTERS, LLC, operated a certain Lowe's Home Improvement store located at 710 Horatio Street, Utica, New York 13501, known as Store No. 0523.

7. That on or about May 24, 2015, the Plaintiff, STEVEN KUBAT, purchased a certain grill from the Defendant, LOWE'S HOME CENTERS, LLC home improvement store located at 710 Horatio Street, Utica, New York 13501. That attached hereto as **Exhibit "A"** is a copy of the receipt of purchase.

8. That after purchasing the above-aforementioned grill, an employee of the Defendant's store brought out the grill that was in a box on a cart for the purposes of loading it onto the Plaintiff's truck.

9. That as the Plaintiff and the Defendant's employee were loading the box that contained the grill onto the back of the Plaintiff's truck, the Defendant, its agent, servants, and/or employee lost control of the certain box that contained the grill, causing the weight of the box to be shifted, fall and slide onto the Plaintiff's body who was also loading the box onto the truck, causing him to sustain a bicep tendon injury and other serious injuries.

10. The accident, damages and injuries to the Plaintiff resulting therefrom were caused solely by the negligence of the Defendant, and without any comparative negligence on the part of the Plaintiff contributing thereto.

11. The negligence of the Defendant, LOWE'S HOME CENTERS, LLC, its employees, agents, and servants, amongst other thing, consisted of the following, to wit: in

2

failing to properly load the grill box onto the back of the Plaintiff's truck; in losing control of the box that contained the grill, causing it to slide onto the Plaintiff, causing him to sustain serious injuries; in failing to properly load the box that contained the grill onto the Plaintiff's truck; in failing to provide more employees to load the box onto the cart; in allowing the Plaintiff to help load the box that contained the grill onto the truck, knowing that it could cause him to sustain injuries; in failing to call for help before allowing the box to be lifted onto the cart; in allowing the box that contained the grill to be loaded by an incompetent and inexperienced sales associate; in failing to provide its employees with proper training with regards to the proper loading of materials on the back of trucks; and the Defendant was otherwise negligent.

12. That solely by the reason of the recklessness, carelessness and negligence of the Defendant and as a direct proximate cause thereof, the Plaintiff, STEVEN KUBAT, was injured internally, externally and permanently in and about his head, body, limbs and nervous system so that he became sick, sore, lame, and disabled and suffered severe injuries in and about his body and complications resulting therefore; that the injuries and results and consequence thereof, upon information and belief, are permanent in nature; that he has received or will receive considerable medical care for his injuries and has incurred or will incur considerable bills for said care and attention; that he has experienced great physical pain and mental anguish.

13. Upon information and belief, the limitations set forth in Article 16 of the CPLR do not apply to this Complaint, and this Complaint states a cause of action in which, if alleged and proved, will be an exception to CPLR 1602(6) and (7).

14. That by reason of the premises, the Plaintiff, STEVEN KUBAT, has been damaged in an amount to be determined by a jury upon the trial of the issues herein.

## AS AND FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION THE PLAINTIFF SETS FORTH THE FOLLOWING:

15. The Plaintiff repeats and reiterates each and every allegation contained in Paragraphs "1" through "14" above and of the First Cause of Action with the same force and effect as if fully set forth at length hereinafter.

16. That at all times herein mentioned, the Plaintiff, STEVEN KUBAT, was and still is the husband of the Plaintiff, BEVIN KUBAT, and as such lived and cohabited with the Plaintiff in their marital house.

17. Prior to the times herein mentioned, the Plaintiff, STEVEN KUBAT, was in good health and fully capable of performing and he actually did perform all the usual and customary duties of the husband in and about the marital household.

18. That as a result of the negligence of the Defendant, LOWE'S HOME CENTERS, LLC, the Plaintiff's said husband was injured, bruised, and wounded so that he became sick, sore, lame and disabled and so remains; that the Plaintiff, BEVIN KUBAT, has been deprived of the services of her said spouse and her comfort and happiness in his society and companionship have been impaired.

19. That by reason of the premises, the Plaintiff, BEVIN KUBAT, seeks judgment against the Defendant in an amount to be determined by a jury upon trial of the issues herein.

**WHEREFORE**, the Plaintiff, STEVEN KUBAT, demands judgment against the Defendant, LOWE'S HOME CENTERS, LLC, on the First Cause of Action herein, in an amount to be determined by a jury upon a trial of the issues of this action; and the Plaintiff, BEVIN KUBAT, demands judgment against the Defendant, LOWE'S HOME CENTERS, LLC, on the Second Cause of Action herein, in an amount to be determined by a jury upon a trial of the issues herein, together with the costs and disbursements of this action.

4

Dated: November 4, 2020.

                                Yours, etc.

                                _____
                                Anthony A. Murad, Esq.
                                BRINDISI, MURAD & BRINDISI PEARLMAN, LLP
                                Attorneys for the Plaintiff
                                Office and P.O. Address
                                2713 Genesee Street
                                Utica, New York 13501
                                (315) 733-2396

# EXHIBIT "A"



Attorney(s)   Brindisi, Murad, Brindisi, & Pearlman LLP
Index #   EFCA2020-002395
Purchased/Filed: November 16, 2020
State of New York
Court:   Supreme
County:   Oneida

# AFFIDAVIT OF SERVICE - SECRETARY OF STATE

Steven Kubat, et al

Plaintiff(s)

against

Lowe's Home Centers, LLC

Defendant(s)

STATE OF NEW YORK )
COUNTY OF ALBANY ) SS
CITY OF ALBANY )

**DESCRIPTION OF PERSON SERVED:**

Approx. Age: 40 yrs
Weight: 200 lbs   Height: 5' 0"   Sex: Female   Color of skin: White
Hair color: Black   Other:

Robert Guyette, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on November 18, 2020, at 1:40PM, at the office of the Secretary of State of the State of NY, located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:

**Summons and Complaint with Notice of Electronic Filing ( Mandatory Case )**

on

**Lowe's Home Centers, LLC**

the Defendant in this action, by delivering to and leaving with   Colleen Banahan
AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of   $40   dollars; That said service was made pursuant to Section   LIMITED LIABILITY COMPANY LAW §303.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Sworn to before me on this

18th   day of   November 2020

FAITH COZZY
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2023

Robert Guyette
Invoice-Work Order # 2035909
Attorney File #   **Kubat**

1 of 1

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ONEIDA

STEVEN KUBAT and
BEVIN KUBAT,

                      Plaintiffs,

v.

LOWE'S HOME CENTERS, LLC,

                      Defendant.

**ANSWER**

Index No.: EFCA2020-002395

Defendant, Lowe's Home Centers, LLC ("Lowe's"), by its attorneys, Goldberg Segalla LLP, responds as follows for its Answer to the Plaintiffs' Complaint, upon information and belief:

1. Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint.

2. In response to paragraph 2 of the Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 2 of the Complaint.

3. Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, Lowe's repeats and re-alleges each and every denial and admission heretofore made to the paragraphs set forth therein with the same force and effects as if fully set forth herein.

5. Lowe's denies the allegations contained in paragraph 5 of the Complaint.

6. Lowe's admits the allegations contained in paragraph 6 of the Complaint.

28608512.v1

7. Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8. Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9. Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10. Lowe's denies the allegations contained in paragraph 10 of the Complaint.

11. Lowe's denies the allegations contained in paragraph 11 of the Complaint.

12. Lowe's denies the allegations contained in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Lowe's denies the allegations contained in paragraph 13 of the Complaint.

14. Lowe's denies the allegations contained in paragraph 14 of the Complaint.

15. In response to paragraph 15 of the Complaint, Lowe's repeats and re-alleges each and every denial and admission heretofore made to the paragraphs set forth therein with the same force and effects as if fully set forth herein.

16. Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17. Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint.

18. Lowe's denies the allegations contained in paragraph 18 of the Complaint.

19. Lowe's denies the allegations contained in paragraph 19 of the Complaint.

20. Lowe's denies each and every other allegation of the Complaint not previously admitted, denied, or otherwise controverted.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

21. The injuries and/or damages alleged in the Complaint were caused in whole or in part by the culpable conduct, want of care and assumption of risk on the part of the Plaintiffs, and without negligence, fault, or want of care on the part of Lowe's.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

22. If Lowe's is found liable to the Plaintiffs, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by the Plaintiffs for non-economic loss against Lowe's should be limited to its percentage of liability.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

23. The Complaint fails to state a cause of action against Lowe's.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

24. The Plaintiffs' injuries, if any, were caused in whole or in part by a person or persons who are not within the control of Lowe's.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

25. That pursuant to CPLR §4545 and other applicable sections of the CPLR, Lowe's is entitled to a set off against the amount of any verdict of any monies collected from a collateral source of payment as set forth in said law.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

26. Plaintiffs failed to mitigate their alleged damages.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

27. The underlying incident and alleged resulting injuries were not proximately caused by any action or inaction of Lowe's.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

28. All risks and dangers at the time and place set forth as the location of the happening of the incident as alleged in the Complaint were open, obvious, and apparent.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

29. In the event the Plaintiffs seek to recover a verdict or judgment against Lowe's, then said verdict or judgment must exclude or be reduced by those amounts which have been, or will with reasonable certainty replace or indemnify the Plaintiffs, in whole or in part, for any past or future medical costs, health care, life care, or other economic loss or the benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

30. There may be documentary evidence exists which establishes a complete defense to this action.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

31. Plaintiff, Steven Kubat was the sole proximate cause of his alleged injuries.

4

28608512.v1

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

32. If the Plaintiffs receive or have received sums of money in settlement of the claims asserted herein, Lowe's is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York in reducing the claim of the Plaintiffs against Lowe's by the amount stipulated in the Release, the amount of consideration paid for it or the amount of the released defendants' equitable share of the damages, whichever is the greatest.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

33. Plaintiff, Steven Kubat's alleged injuries pre-dated the alleged incident.

### AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

34. The cause(s) of action set forth in the Complaint are barred by the applicable statute(s) of limitations.

### AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

35. Lowe's reserves the right to amend this Answer and to add any applicable affirmative defenses after it has had the opportunity to discovery all facts relevant to this action.

WHEREFORE, Lowe's demands judgment as follows:

    a. Dismissing Plaintiffs' Complaint, or

    b. Reducing Plaintiffs' recovery in the proportion to which the Plaintiffs' culpable conduct, assumption of risk, and want of care bears to the culpable conduct which caused the Plaintiffs' damages;

5

      c.      Limiting Plaintiffs' recovery for non-economic loss against Lowe's to the percentage of responsibility attributed to Lowe's, if that percentage is less than fifty-one percent (51%), and

      d.      Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

Dated:      Buffalo, New York
              December 22, 2020

                                    GOLDBERG SEGALLA LLP

                                    Kenneth L. Bostick, Jr., Esq.
                                    *Attorney for Defendant*
                                    *Lowe's Home Centers, LLC*
                                    665 Main Street
                                    Buffalo, New York 14203
                                    (716) 566-5400

TO:      Anthony A. Murad, Esq.
           Brindisi, Murad & Brindisi Pearlman, LLP
           *Attorneys for Plaintiffs*
           2713 Genesee Street
           Utica, New York 13501
           (315) 733-2396
           amurad@bmbplawyers.com

FILED: ONEIDA COUNTY CLERK 12/22/2020 03:03 PM          INDEX NO. EFCA2020-002395
NYSCEF DOC. NO. 3                                       RECEIVED NYSCEF: 12/22/2020

Case 6:21-cv-00580-LEK-ML   Document 1-1   Filed 05/20/21   Page 16 of 16